IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**NICOLE WILSON**

vs.  CIVIL ACTION _____
JURY REQUESTED

**GRACE HOSPICE OF EAST TEXAS, LLC.**

PLAINTIFF'S COMPLAINT

NOW COMES NICOLE WILSON, Plaintiff, and files this, her Original Complaint complaining of GRACE HOSPICE OF EAST TEXAS, LLC., Defendant, and in support thereof respectfully show this Court as follows:

**NATURE OF THE CLAIM**

1. This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide relief to Nicole Wilson.. Plaintiff alleges that Defendant, Grace Hospice of East Texas, LLC. (hereafter "Defendant"), violated Title VII by terminating Nicole Wilson from her employment with the defendant because she was pregnant.

2. The plaintiff is an qualified employee who has been denied her employment including her wages and benefits due her because of the disparate impact and treatment caused by Defendant's pregnancy discriminatory practices and because of the sex of Plaintiff, being female.

3. Plaintiff brings this cause of action to vindicate her rights guaranteed by Title VII. Plaintiff seeks the full measure of available relief, including declaratory, equitable, compensatory and punitive remedies, as well as statutory attorney's fees and costs.

**II. JURISDICTION AND VENUE**

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This

action is authorized and instituted pursuant to Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000-e2(a)(1) and the Pregnancy Discrimination Act of 1978.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action has arisen and occurred, in whole or in part, in the Eastern District of Texas.

### III. PARTIES

6. Plaintiff NICOLE WILSON is an adult citizen who resides in the Eastern District of Texas. She was an employee of the defendant GRACE HOSPICE OF EAST TEXAS, LLC., located in Tyler, Smith County, Texas.

7. Defendant GRACE HOSPICE OF EAST TEXAS, LLC., is a limited liability company doing business in the State of Texas. Defendant does business in the Eastern District of Texas and can be served through its registered agent, Chad Lee, 320 Hemphill St., Fort Worth, Texas 76104

### IV.
### PROCEDURAL REQUIREMENTS

8. Paragraphs 1-7 above are incorporated herein by reference.

9. Plaintiff has filed timely complaints with the Equal Employment Opportunity Commission ("EEOC"). On or about January 17, 2017, the EEOC issued Plaintiff's Notice of Right to Sue letters and terminated its investigation of those Plaintiffs' claims. Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements.

### V. STATEMENT OF THE CLAIM

10. Plaintiff is a female who on or about March of 2016 was employed by the defendant at the facility in Tyler, Texas.

11. Plaintiff was employed by the defendant as a marketer and was entering her eighth month of pregnancy.

12. On or about March 1, 2016, Plaintiff had a meeting with Brad Woodard, the head administrator.   Plaintiff's immediate supervisor, Brandi Trahan was not present.

13.   Plaintiff was told that the owner of the company, Kirk Weid, had decided to fire Plaintiff because she allegedly made Sound Physicians (a hospital management group) mad.   Brad Woodward further stated that he disagreed with the decision and had submitted his resignation at 8:15 that morning.

14.   Brad Woodward further stated that Brandi Trahan had refused to attend the meeting because she disagreed with the decision.  Plaintiff stated that she had no idea what had happened to make Sound Physicians upset.  Plaintiff also explained that she failed to understand why she was being terminated, when another marketer, a white male, was not doing his job.   Plaintiff further explained to Brad Woodward that she was entering her eighth month of pregnancy and would lose her health insurance.

15.   Plaintiff then contacted Sound Physicians about her alleged bad behavior, whose response was that they had no idea what Brad Woodard was talking about.   Plaintiff was terminated at the beginning of her eighth month of pregnancy; whereas a male co-worker was not doing an adequate job was retained.

16.   Therefore, the decision to terminate Plaintiff's employment on the basis of her pregnancy violates Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000-e2(a)(1) and the Pregnancy Discrimination Act of 1978.

17. The result of the foregoing employment practice was to deprive Plaintiff of equal employment opportunities because of her sex.

18. As a result of defendant's acts or omissions, Plaintiff has been damaged in that she has lost wages and fringe benefits in the past and will, in reasonable probability suffer a loss of future earnings and benefits. Plaintiff has also suffered mental anguish in the past and will, in reasonable probability, suffer mental anguish In the future.

19. Plaintiff would further show that Defendant acted intentionally, maliciously and/or with reckless indifference to the state-protected rights of Plaintiff in discharging her or discriminating against her and that as a result she is entitled to recover exemplary and/or punitive damages. Plaintiff believes that exemplary and/or punitive damages in the sum of $250,000.00 would be sufficient to prevent this type of conduct in the future by Defendant and to set an example to others contemplating such conduct.

## DAMAGES

20. Plaintiff would show the court that she has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

21. Plaintiff would further show the court that she is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

22. Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

**ATTORNEY FEES**

23. It was necessary for the plaintiff to retain the undersigned attorneys to represent her in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff respectfully request that this court grant the following relief:

(a) Enter declaratory judgment against Defendant and in favor of Plaintiff recognizing that Defendant has violated Plaintiff's rights guaranteed by Title VII.

(b) Render and enter a judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States and the State of Texas;

(c) Award Plaintiff any past lost wages, including lost fringe benefits and back pay, including, without limitation, any lost benefits that would have otherwise, which resulted from the illegal discrimination;

(d) Award Plaintiff any future lost wages, including lost fringe benefits and future pay, including, without limitation, any future benefits that would have otherwise occurred, had it not been for the illegal discrimination;

(e) Award Plaintiff compensatory and punitive damages;

(f) Award Plaintiff the costs of this action, including the fees and costs of experts, together with

reasonable attorneys' fees;

(g) Grant an order restraining Defendant from any retaliation against Plaintiff for participating in any manner in this litigation;  and

(h) Grant Plaintiff such other and further relief as this court finds necessary and proper.

                                            Respectfully submitted,
                                               ___/s/Bob Whitehurst
                                            Bob Whitehurst
                                            5380 Old Bullard Road, Suite 600, #363
                                            Tyler, Texas 75703
                                            (903)593-5588
                                            State Bar #21358100